UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-01862-REB

JENNIFER L. KITCH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3], filed August 5, 2010, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of major depressive disorder, schizoid personality disorder with obsessive compulsive behaviors, social phobia, cranial edema, and carpal tunnel syndrome. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on July 13, 2009. At the time of the hearing, plaintiff was 39 years old. She has a high school diploma and two years of college education and past relevant work experience as a secretary, customer relations complaint clerk,

and grocery store clerk.  She has not engaged in substantial gainful activity since May 17, 2007, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform a full range of semi-skilled work at all exertional levels limited only by the requirement that she have no more than occasional interaction with supervisors, co-workers, and the general public.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that she could perform given her residual functional capacity.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

## III.  LEGAL ANALYSIS

Plaintiff appears before this court, as she did below, *pro se*.[1]  I therefore have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Thus,

> if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall*, 935 F.3d at 1110.  Yet even affording plaintiff's pleadings herein the broadest possible reading consistent with these lenient standards, I find no reversible error in the Commissioner's disability decision.

Plaintiff alleges that she is disabled as a result of schizoid personality disorder with anti-social characteristics and social phobia, cranial hypertension and associated chronic migraines, obsessive compulsive behavior,[2] carpal tunnel syndrome, asthma,

---

[1] The ALJ inquired of plaintiff whether she had sought legal counsel and advised her that she could request a continuance to seek out assistance with her claim, but plaintiff consented to proceed regardless.  (Tr. 21.)  As counsel is not required to be provided at the administrative level, and there is no indication here of "clear prejudice or unfairness," plaintiff's lack of representation below presents no basis for remand.  **See Banta v. Chater**, 1996 WL 477298 at *1 (10th Cir. Aug. 22,1996) (citation and internal quotation marks omitted).

[2] Despite her protestations to the contrary, plaintiff has never been diagnosed with obsessive compulsive disorder.  Rather, she has been found to have schizoid personality disorder with obsessive compulsive features.  (**See** Tr. 11, 165.)

and obesity. (**See Letter (Opening Brief)** [#20], filed December 17, 2010.) The latter two of these impairments, although mentioned in passing in plaintiff's medical records, were never suggested as a basis for disability before the agency, and plaintiff has not shown good cause for failing to include these alleged impairments in her application for benefits.[3] **See** 42 U.S.C. § 405(g), sentence six (permitting remand to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"); **see also Nguyen v. Shalala**, 43 F.3d 1400, 1403 (10th Cir. 1994). Likewise, although a May, 2010, report shows that plaintiff suffers from mild bilateral carpal tunnel syndrome (**id.**, App., Exh. A), the evidence is not material because it post-dates the period for which benefits were denied,[4] **see** 20 C.F.R. § 404.970(b); **Threet v. Barnhart**, 353 F.3d 1185, 1191 (10th Cir. 2003). No error can be assigned based on the failure to consider these alleged impairments.

Although plaintiff apparently does suffer from cranial hypertension and associated migraine headaches, the ALJ found that this impairment was not severe. (Tr. 11.)[5] An impairment is considered "severe" under the regulations unless it is no

---

[3] At one of her consultative examinations, plaintiff told the doctor that "her psychiatric issues are really the only issues for which she is applying for disability. She said that she does have a couple of other problems, but theses are minor in comparison with her psychiatric problems." (Tr. 174.)

[4] Plaintiff submitted to the Appeals Council a single page of an undated, unsigned letter suggesting that she was rear-ended by another car and suffered certain injuries as a result in November, 2008. (Tr. 186.) With the exception of headaches, plaintiff never alleged any impairment related to any of the injuries mentioned in this document, and there is no medical evidence to substantiate the existence of any such injuries, much less to suggest that they were severe enough to be disabling.

[5] The ALJ also found that plaintiff's right hip, leg, and back pain and vertigo were not severe impairments (Tr. 11), and plaintiff does not insist otherwise on appeal.

more than a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Plaintiff's burden to satisfy this standard is *de minimis*. **Hawkins v. Chater**, 113 F.3d 1162, 1169 (10th Cir. 1997). Nevertheless, her own subjective complaints, standing alone, are insufficient to establish the existence of a severe impairment at step two. **Social Security Report** 96-3p, 1996 WL 374181 at *2 (SSA July 2, 1996).

Plaintiff describes her headaches as "chronic," reporting that she has suffered from them for more than 20 years, ever since moving from sea level to the Denver area. (Tr. 161.) However, the fact that plaintiff was working during much of that same time period undercuts the notion that her headaches are disabling. *See* 20 C.F.R. § 404.1520(b) (claimant who is engaging in substantial gainful activity is not disabled regardless of medical condition, age, education, or work experience). Although plaintiff underwent a lumbar puncture to drain excess cerebral spinal fluid in 2004, an MRI performed at the same time was essentially normal. (Tr. 161.) In addition, plaintiff's reports regarding the frequency of her headaches have varied wildly. For example, in one questionnaire plaintiff completed in January, 2008, she suggested that she had 16 migraines per month, but then admitted that her last such episode had occurred in May, 2007. (Tr. 118.) Yet that same month, plaintiff told a consultative examiner that she had experienced headaches "several times a week," which had decreased following the lumbar puncture and the prescription of Acetazolamide to only "two or three times a

7

month." (Tr. 174.)  In light of all these considerations, I cannot say the ALJ erred in finding plaintiff's headaches not severe and discrediting her subjective complaints of pain associated therewith.

The ALJ did find plaintiff's non-exertional impairments to be severe.  (Tr. 11.) Nevertheless, he noted that the medical evidence, plaintiff's extensive and varied activities of daily living, and her own testimony discredited her suggestion that her these impairments were disabling.  (Tr. 14.)  I find no error in this conclusion.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  Those standards were more than adequately met here.

Plaintiff received minimal medical treatment for her various physical and mental conditions, *see Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988), and indeed, had been subject to many of these same impairments during the majority of her working career, *see* 20 C.F.R. § 404.1520(b).  What scant medical evidence is of record almost exclusively pre-dates plaintiff's alleged date of onset.  Plaintiff saw her family practitioner, Dr. Carla Rail, from January, 2003, through April, 2007, for generalized medical complaints, including depression (*see* Tr. 131, 167-173), but has not sought treatment beyond prescription refills since that time.  Although Dr. Rail referred plaintiff to Sharon Hilderbrandt, Psy.D., a licensed clinical psychologist, in early 2005 for

8

evaluation, it does not appear that plaintiff followed Hilderbrant's recommendation for further psychotherapy. (Tr. 165.)

With respect to plaintiff's physical residual functional capacity, consultative examiner Dr. Laura Moran did not limit plaintiff's physical activities "in any way," and that conclusion is completely supported by her findings on examination. (Tr. 177.) The evidence of record supports the ALJ's reliance on that conclusion. Even Dr. Rail, while noting that plaintiff's mental impairments made it "stressful for her to deal with people" and that she thus "tend[ed] to work better on her own given a task," did not as a result suggest that plaintiff was thus disabled or otherwise precluded from working. (Tr. 166.) The ALJ noted that this opinion was generally consistent with the residual functional capacity he found and thus afforded it "some weight" (Tr. 15), and I perceive no reversible error in that determination.

As for plaintiff's mental impairments, no medical source has ever opined that these conditions result in disabling functional limitations.[6] The ALJ noted that consultative psychiatric examiner Diane Guerra, Psy.D. assigned plaintiff a Global Assessment of Functioning ("GAF") score of 40, indicating an "impairment in reality testing or communication . . . or [a] major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." American Psychiatric Association, ***Diagnostic and Statistical Manual of Mental Disorders*** at 32 (Text

---

[6] Plaintiff herself told the ALJ that she could work "if I could work independently, if I could just find something where I could get my work offline, work by myself, . . . and not have to interact with anybody . . . where I could just be isolated and not have to talk to anybody . . ." (Tr. 26.) She made similar statements to consultative examiner Diane Guerra, Psy.D.. (*See* Tr. 183 (recounting plaintiff's statement that "if I can work alone I'm fine").)

9

Revision 4th ed. 2000) ("DSM-IV").[7] However, the ALJ concluded that this much of Guerra's opinion was entitled to no significant weight because it was inconsistent with plaintiff's activities of daily living and the report of the state agency medical consultant. (Tr. 15.)

There was no error in that conclusion. A claimant's activities of daily living bear on her credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations." *Ouellette v. Apfel*, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000). *See also* 20 C.F.R. § 404.1529(c)(3). Plaintiff here acknowledged that she takes her daughter to school, makes meals, reads, journals, cleans her house, works on puzzles, shops for groceries, walks and drives daily, and attends church. (Tr. 14, 102-109.) The ALJ also properly noted that the opinion medical consultant who reviewed the record on behalf of the agency undermined the GAF assigned by Guerra. The consultant noted that despite this finding, Guerra's mental status examination was "within normal limits except with some deficiency in general information" and indicated that plaintiff had the capacity for semi-skilled work involving limited contact with the public. (Tr. 159.) Such internal inconsistencies constitute good cause for discounting a medical source opinion, and thus the ALJ did not err in resolving this apparent conflict in the evidence. *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988); *Gleason v. Apfel*, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999).

---

[7] "The GAF is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'" *Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quoting **DSM-IV** at 32).

Moreover, a low GAF score does not in and of itself mandate a finding of disability. *See Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. Dec. 8, 2004); *Cox v. Apfel*, 2000 WL 1472729 at * (D. Kan. Feb. 24, 2000). It may be probative when coupled with a more detailed description of how the rating affects a claimant's ability to work, *see Eden v. Barnhart*, 2004 WL 2051382 at *2 (10th Cir. Sept. 14, 2004); **Seymore v. Apfel**, 1997 WL 755386 at *2 (10th Cir. Dec. 8, 1997), but Guerra's report does not include such an assessment. **See Kornecky v. Commissioner of Social Security**, 167 Fed. Appx. 496, 511, (6th Cir. Feb. 9, 2006) (noting that GAF scores "have little or no bearing on the subject's social and occupational functioning," and thus, absent evidence that the GAF was assigned "because [the examiner] perceived an impairment in plaintiff's ability to work, the score, standing alone, does not establish an impairment seriously interfering with plaintiff's ability to perform basic work activities") (citation and internal quotation marks omitted). Moreover, the GAF score is not binding on the Commissioner in any event, but merely constitutes one piece of evidence to be considered. **Petree v. Astrue**, 260 Fed. Appx. 33, 42 (10th Cir. Dec. 28, 2007). In sum, having provided adequate reasons for his determination in that regard, the ALJ did not err in failing to afford weight to the GAF score.

Finally, the ALJ's determination at step five of the sequential evaluation that there were substantial numbers of other jobs in the local and national economies that plaintiff could perform within the limits of her residual functional capacity is well-supported by the testimony of the vocational expert. (Tr. 16-17, 31-32.) The Commissioner's disability determination therefore must stand.

## IV. ORDER

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 23, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge